ARIAS ET AL., APPELLANTS, v. THE REGISTRAR OF PROPERTY,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property of
Ponce.

No. 159.—Decided December 19, 1913.

MORTGAGE—CANCELLATION OF MORTGAGE—PRIVATE PROPERTY—CONJUGAL PARTNER-
SHIP—RECORD OF MORTGAGE IN NAME OF SPOUSE—CONSENT OF SPOUSE TO
CANCELLATION.—A mortgage having been recorded in the registry of property
in favor of a spouse as his private property, the record setting out the state-
ments of the attorney-in-fact of the spouse who loaned the money to the
effect that said money belonged exclusively to said spouse and proceeded
from property which he contributed to the conjugal partnership, it is not
possible to disregard the legal effects of that record and the registrar cannot
refuse to record the deed of cancellation of that same mortgage later on
the ground that the other spouse did not consent to said cancellation.

The facts are stated in the opinion.

*Mr. Rafael Martínez Nadal* for appellants.

*Mr. José M. Márquez,* the registrar, filed a brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

The present administrative appeal was taken from a deci-
sion of the Registrar of Property of Ponce refusing to record
the cancellation of a mortgage which the appellants, the
brother and sister Arias Suñé, had created in favor of Anto-
nia Rieder Larrañaga.

From the certificate of the Registrar of Property of Ponce
which is included in the record and refers to the books of his
office, it appears that in recording the mortgage deed exe-
cuted on January 11, 1912, by Antonia Rieder Larrañaga
and the brother and sister Arias Suñé, said registrar made
an entry to the effect that the mortgage deed securing the
sum of $3,000 loaned had been entered into by Pedro Clau-
sells y Armstrong as attorney in fact of the said Antonia
Rieder Larrañaga, and that the money was furnished out
of her own private funds. Then the conditions of the con-
tract are recited in the same record, from one of which it

appears that the attorney in fact of the said Antonia Rieder Larrañaga stated in the mortgage that the $3,000 which he loaned the appellants for the exclusive account of his principal, Antonia Larrañaga, belonged to the said Antonia Larrañaga and not to her conjugal partnership, because the money was obtained in part from the proceeds of several properties which she sold during the preceding month, as shown by a public deed recorded in the registry of property, and in part from credits which she contributed to the conjugal partnership and collected during the existence of the same, as also appears from deeds of cancellation executed two months previous.

In a public instrument executed on August 21, 1913, the said Antonia Rieder Larrañaga, without the intervention or consent of her husband, acknowledged having received from the brother and sister Arias Suñé the $3,000 which she had loaned them and gave them an acquittance therefor, agreeing to the cancellation of the mortgage securing the loan in the registry of property. This document being presented for record the registrar refused to admit the same for the reasons set forth in the following decision:

"Admission to record of the deed of cancellation set forth in the foregoing document is refused because it appears that the creditor, Antonia Rieder Larrañaga, authorizes the cancellation without the consent of her husband, Manuel J. Marxuach, and the statement as to the source of the funds made by the agent in the mortgage is not sufficient to prove the private nature of the property whence the said loan was derived; for, it being money, only the husband can make such an assertion, because he alone can be prejudiced thereby. In lieu of the record a cautionary notice has been entered for 120 days, etc."

From the foregoing it appears that the Registrar of Property of Ponce recorded the mortgage credit, the cancellation of which originated this appeal, as the private property of the wife and also entered the statement made by her attorney in fact regarding the origin of the money and the fact

that it was not community property but her own personal property as it was the proceeds of what she had contributed to the conjugal partnership. We are confronted, then, with a record which states that the exclusive ownership of the said mortgage credit is in the wife and neither this court nor the registrar can disregard that entry and the juridical value it possesses as to the ownership of that property right while it remains in effect, as we held in the case of *Succession of Fuster* v. *The Registrar of Property,* 19 P. R. R., 121. Therefore, as it appears from the registry that the said credit was the exclusive property of the wife who executed the deed of cancellation in favor of the appellant debtors, according to section 160 of the Revised Civil Code as amended in the year 1904, she did not need the consent of her husband to cancel it and the instrument should be admitted to record. See section 160 of the Revised Civil Code as amended in the year 1904.

For this reason the decision appealed from should be reversed.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in this decision.